**In re GREEN STREET, Debtor.**

**Bankruptcy No. 91A–03794.**

United States Bankruptcy Court, D. Utah, C.D.

Aug. 13, 1991.

Noel Hyde, Nielsen & Senior, Salt Lake City, Utah, for debtor.

## ORDER

JOHN H. ALLEN, Bankruptcy Judge.

The Court has before it three motions all entitled *EX PARTE* MOTION FOR EMPLOYMENT OF COUNSEL.

These motions pertain to the following Chapter 11 cases: Retail Systems, Inc., Bankruptcy No. 91A–03793; Green Street, Bankruptcy No. 91A–03794; Interwest Business Equipment, Inc., Bankruptcy No. 91A–03795.

By these motions, each of the debtors seek authorization for the employment of Noel S. Hyde and the firm of Nielsen & Senior (applicants) as debtor's counsel.

The motions detail certain information concerning the relationship between these three debtors. Each entity is controlled by Robert L. Slingerland who is an officer, director, and/or controlling shareholder of each of the entities. Mr. Slingerland is a debtor in a separate Chapter 11 case and represented by independent counsel.

Retail Systems Inc., (Retail) provides management services to Green Street. Under the terms of the management contract, Green Street pays a commission (not to exceed 15% of the gross annual receipts) to Retail in order to defray operating expenses. Green Street also pays lease payments on behalf of Retail of $1,000.00 per month. As of the date of filing, there are no management fees owing Retail from Green Street. Green Street intends to continue utilizing the management services of Retail during the administration of the cases.

Interwest Business Equipment, Inc., (Interwest) is an unsecured creditor of Green Street in the amount of $15,012.66, and of Retail in the amount of $6,876.55. Green Street is an unsecured creditor of Interwest in the amount of $8,250.00.

Retainers have been promised to applicants in the following amounts: Retail, $3,500.00; Green Street, $3,500.00; and Interwest, $3,000.00.

The motions state that applicants represent no adverse interest to any of the debtors or their estates and are disinterested persons within the meaning of 11 U.S.C. § 327(a).

These debtors have the authority to hire an attorney pursuant to 11 U.S.C. § 327. This section states a two-part analysis for the employment of attorneys. First, the attorney for the debtors must hold no adverse interest to the bankruptcy estate. Second, the attorney must be a disinterested person. *In re Kendavis Industries Intern., Inc.,* 91 B.R. 742 (Bkrtcy. N.D.Tex.,1988).

In a like manner, there are also two bases to be employed when consideration is given for the employment of attorneys in the bankruptcy arena. Not only the Bankruptcy Code section cited above, but the Utah Rules of Professional Conduct and the Code of Professional Responsibility approved by the Judicial Conference of the United States.

These rules speak of an attorney's ethical obligation to the court and, although they are not dispositive when determining conflicts in representation in this

court, they are helpful in the analysis. Concerning the present issue, these rules as a general matter prohibit conflicts of interest in representation, require loyalty and confidentiality on the part of the attorney to each client, and seek to avoid even the appearance of impropriety.

Whatever the source of the rules, the inquiry is the same: does a conflict manifest itself sufficient to prohibit representation.

*In re Vanderbilt Associates, Ltd.,* 117 B.R. 678, 681 (D. Utah, 1990).

The Section 327(a) requirement that counsel must "be a disinterested person" and must "not hold or represent an interest adverse to the estate" become identical considerations under the Code definition of "disinterested person". Section 101(13)(E) defines a "disinterested person" as one who "... does not have an interest materially adverse to the interest of the estate ...".

*Roger J. Au & Son, Inc. v. Aetna Ins. Co.,* 64 B.R. 600 (N.D.Ohio, 1986).

When applying to serve as counsel for a debtor, an attorney is required to fully and candidly disclose all relationships with the debtor, creditors, or any other party in interest in order that the Court may properly evaluate the application and determine whether the attorney is disinterested. Fed. R.Bkrtcy.P. 2014(a). In the motions before the Court, it seems applicants have fully and completely disclosed the relationships between the debtors. The relationship that is most troubling is the debtor/creditor aspect of the disclosure. The Court believes that an attorney who represents a debtor and also represents a creditor or a debtor of that debtor represents an interest adverse to the estate. The Court finds an actual conflict that qualifies applicants as "interested" parties within the scope of § 101(13)(E) and thus subject to disqualification pursuant to § 327(a). This disqualification is mandated because the conflict is actual with these debtors and is not hypothetical or theoretical. *In re Roberts,* 75 B.R. 402 (D.Utah, 1987).

It would be an impossible task for applicants to undertake this multiple representa-

tion and make decisions for one of these debtors which would not be at the expense of another. The existence of a prepetition debt from one estate to the other creates a disqualifying conflict of interest. *In re N.S. Garrott & Sons,* 63 B.R. 189 (Bkrtcy. E.D.Ark.,1986). These interlocking interests can only be served by utilizing separate counsel who can fairly and fully advise each debtor as to its rights and responsibilities. *In re Kuykendahl Place Associates, Ltd.,* 112 B.R. 847 (Bkrtcy.S.D.Tex.,1989); *In re Amdura Corp.,* 121 B.R. 862 (Bkrtcy. D.Colo.,1990).

Accordingly, based on the information presented to the Court by the applicants, the motions are denied.