23 F.3d 311
 62 USLW 2754, Bankr. L. Rep. P 75,887
 In re INTERWEST BUSINESS EQUIPMENT, INC., Green Street, a
Non-Profit Corp., Retail Systems, Inc., Debtors.
INTERWEST BUSINESS EQUIPMENT, INC., Green Street, a
Non-Profit Corp., Retail Systems, Inc.,
Plaintiffs-Appellants,
v.
UNITED STATES TRUSTEE, Defendant-Appellee.
 No. 92-4122.
 United States Court of Appeals,
Tenth Circuit.
 May 2, 1994.
 
 Noel S. Hyde (Steven F. Allred of Nielsen & Senior, with him on the brief), Salt Lake City, UT, for debtors/plaintiffs-appellants.
 Anastasia M. Petrou, Atty. Advisor (Martha L. Davis, Gen. Counsel, with her on the brief), Washington, DC; (David D. Bird, U.S. Trustee, and M. John Straley, Asst. U.S. Trustee, also on the brief), Salt Lake City, UT, for defendant-appellee.
 Before BRORBY, McWILLIAMS and EBEL, Circuit Judges.
 BRORBY, Circuit Judge.
 
 
 1
 In these appeals from three related Chapter 11 cases, we are asked to second-guess the bankruptcy court's decision to deny approval of employment of each debtor in possession's choice of attorney on the basis of actual conflict of interest.
 
 BACKGROUND
 
 2
 Interwest Business Equipment Inc., Green Street, a nonprofit corporation, Retail Systems, Inc., and Mr. Robert L. Slingerland all filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in June of 1991.
 
 
 3
 Mr. Slingerland controls each of the corporations. While Mr. Slingerland is the sole shareholder of Retail and Interwest, the identity of the ownership interests in Green Street is unclear. Green Street is a social club; in other words, a private bar. Under a lucrative management contract, Retail receives a commission of fifteen percent of Green Street's gross revenues plus Green Street makes Retail's lease payments in the amount of $1,000 a month. Interwest has an unrelated sales and service business.
 
 
 4
 In response to original applications for one law firm to jointly represent all four estates, the bankruptcy court set a hearing to examine concerns about representing four interrelated debtors in possession.[1] The court encouraged the original proposed counsel to examine whether Mr. Slingerland had claims against the corporations he controlled. At the hearing, original counsel acknowledged the court-prompted investigation had revealed "contingent" claims Mr. Slingerland held against the other debtor corporations, and indicated he would withdraw the applications for his firm to represent the three corporate debtors in possession. Mr. Noel S. Hyde, of Nielsen & Senior, then announced the three corporate debtors in possession would seek court approval to employ his firm. In support of his firm's intention to represent the three debtors in possession, Mr. Hyde stated his "preliminary investigation" revealed only a single intercompany debt of $9,000, and he opined that, in view of the size of the other debts,[2] the single claim was not significant. The bankruptcy judge declined to consider the matter until the necessary applications and supporting affidavits were filed. See Fed.R.Bankr.P. 2014(a).
 
 
 5
 Nearly one month later, the applications to employ Neilsen & Senior and their affidavits were filed, revealing three substantial intercompany debts but little else. Although each debtor in possession owed at least one of the other estates an unsecured debt, the affidavits did not state the validity or amount of intercompany debts had been examined. The applications did not explain any differences or similarities in the body of creditors for each estate. The affidavits did not state whether an investigation ruled out the other estates as targets of the trustee's avoiding powers. The affidavits also revealed Green Street had fully paid Retail on its management contract and intended to continue the contract. Certificates of service for each application show they were mailed only to the U.S. trustee.[3] Mr. Hyde had previously requested the court's decision be made on the applications and affidavits, without a hearing.[4]
 
 
 6
 The bankruptcy court denied the applications because it found an actual conflict of interest in two areas. First, the bankruptcy court found the simultaneous representation of each debtor in possession and one of the other estates as creditor meant the firm simultaneously represented an interest adverse to the estate and therefore was not disinterested as required by 11 U.S.C.A. Sec. 327(a). In re Green Street, 132 B.R. 460, 462 (Bankr.D.Utah 1991). Second, the bankruptcy court found an actual conflict of interest in the simultaneous representation of each debtor in possession for the separate, but associated, estates. "The existence of a prepetition debt from one estate to the other creates a disqualifying conflict of interest. These interlocking interests can only be served by utilizing separate counsel who can fairly and fully advise each debtor as to its rights and responsibilities." Id. (emphasis added) (citations omitted). The district court affirmed.
 
 
 7
 On appeal, Appellants contend the district court erred in affirming because the bankruptcy court (1) decided the applications under the wrong subsection of 11 U.S.C.A. Sec. 327, (2) exceeded its authority, and (3) erroneously found there was an actual conflict in representing the three estates.[5]
 
 
 8
 * As a preliminary matter, we raise the issue of our jurisdiction. We have jurisdiction only when the district court decision appealed from is "final". 28 U.S.C.A. Sec. 158(d). The district court held the appeal from the bankruptcy court's order denying approval for the trustee's employment of a professional person was a final judgment within the meaning of 28 U.S.C.A. Sec. 158(a).[6]
 
 
 9
 The issue of whether the order denying approval of such employment is interlocutory has not been determined in this circuit,[7] and we need not decide it today. Even assuming the appeal to the district court was premature, i.e., an appeal from a nonfinal order, we hold we have jurisdiction because the bankruptcy court has now entered a final order approving the plans of reorganization for Interwest, Green Street and Retail.
 
 
 10
 Under the rationale of Lewis v. B.F. Goodrich Co., 850 F.2d 641, 645 (10th Cir.1988), a premature notice of appeal is effective where appellant obtains a subsequent final adjudication of the matter before the appeal is considered on its merits. Accordingly, in the case of In re Durability, Inc., 893 F.2d 264 (10th Cir.1990), we declined to summarily dismiss a prematurely filed appeal and instead granted an appellant thirty days to obtain the necessary leave to obtain a Rule 54(b) entry of final judgment[8] or to file a notice that the bankruptcy court had finally disposed of the remainder of the case.
 
 
 11
 An order confirming a plan of reorganization "is as close to the final order as any the bankruptcy judge enters." Kham & Nate's Shoes No. 2, Inc. v. First Bank of Whiting, 908 F.2d 1351, 1355 (7th Cir.1990) (emphasis in original). Each of the three debtors in possession has obtained confirmation of its plan of reorganization. Thus, by the orders of confirmation, the bankruptcy court has finally disposed of substantially all of these Chapter 11 cases. Accordingly, we have present jurisdiction to review the orders affirming the bankruptcy court's order denying the applications to approve the former debtors in possession's employment of the law firm of Neilsen & Senior.
 
 II
 
 12
 We review the denial of an application for professional employment under an abuse of discretion standard. See In re Harold & Williams Dev. Co., 977 F.2d 906, 909-10 & n. 2 (4th Cir.1992) (court must not abdicate its grant of broad discretion by establishing per se rules); In re BH & P, 949 F.2d at 1312-13 (decision to disqualify a professional and determine "potential" or "actual" conflict is within the discretion of bankruptcy court); In re Martin, 817 F.2d 175, 181-83 (1st Cir.1987) (bankruptcy judge's experience, common sense, and knowledge of particular proceedings result in "front line" ability to exercise discretion on disqualification of professionals).
 
 
 13
 Section 327 of the Bankruptcy Code provides in part:
 
 Employment of professional persons
 
 14
 (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, ... or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.
 
 
 15
 ....
 
 
 16
 (c) In a case under chapter 7, 12 or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.
 
 
 17
 (Emphasis added.)
 
 
 18
 Appellants contend the district court and bankruptcy court erred by finding a disqualifying conflict arising "solely" from joint representation of the debtors in possession and their creditors, a situation they argue is expressly permitted under subsection (c) of Sec. 327. Appellants contend where joint representation of an estate and one of its creditors is at issue, the bankruptcy court must decide the issue only under subsection (c).
 
 
 19
 The Appellants' conclusion reads Sec. 327(c) too broadly. The requirements of subsection (a) are threshold requirements to be met even if subsection (c) is implicated. Subsection (c) addresses the situation where dual representation of a creditor and debtor is the only reason advanced for disqualification and the professional is otherwise qualified. Although it is not a model of clarity, subsection (c) as it is currently worded is intended to allow joint representation of a trustee and of a creditor of the estate, if there is no apparent conflict of interest. Even then, if another creditor or the U.S. trustee objects, the bankruptcy judge can disqualify a professional solely on the basis of simultaneous representation, if it finds the joint representation creates an actual conflict.
 
 
 20
 Thus, Sec. 327(c) does not end all inquiry simply because intercompany debts placed each estate, at some point, in a creditor/debtor relationship with another. In these cases, the dual representation of a creditor was not the only reason for concern, the bankruptcy judge was also concerned about the simultaneous representation of three debtors in possession. Thus, the bankruptcy court was additionally concerned with conflict between debtors in possession: with conflict between three separate estates, each of which must be represented by an independent fiduciary.[9] In re Green Street, 132 B.R. at 462.
 
 
 21
 Since subsection (c) of Sec. 327 does not preempt the more basic requirements of subsection (a), the bankruptcy and district courts properly focused on their responsibility to approve the fiduciary's choice of professionals only when that professional's judgment and advocacy would be unclouded by divided loyalty. The reasons why counsel to a debtor in possession must meet the high standards of undivided loyalty established in Sec. 327(a) are explained in In re McKinney Ranch Assoc., 62 B.R. 249 (Bankr.C.D.Cal.1986).
 
 
 22
 It is the duty of counsel for the debtor in possession to survey the landscape in search of property of the estate, defenses to claims, preferential transfers, fraudulent conveyances and other causes of action that may yield a recovery to the estate. The jaundiced eye and scowling mien that counsel for the debtor is required to cast upon everyone in sight will likely not fall upon the party with whom he has a potential conflict....
 
 
 23
 Id. at 254.
 
 
 24
 The policy behind disqualification for representing potentially conflicting interests provides the key to its extent. The jaundiced eye and scowling mien of counsel for the debtor should fall upon all who have done business with the debtor recently enough to be potential targets for the recovery of assets of the estate. The representation of any such party disqualifies counsel from representing a debtor. Any more remote potential conflict should not result in disqualification.
 
 
 25
 Id. at 255 (footnote omitted).
 
 
 26
 Considering the existence of the management contract between Green Street and Retail, the bankruptcy judge's statement regarding the need for "separate counsel who can fairly and fully advise each debtor as to its rights and responsibilities" is fully supported. Green Street and Retail were doing business with each other immediately before filing. Appellants assert Green Street has large debts, yet it found money to fully pay its obligations to its insider Retail on the management contract and plans to continue contracting for Retail's services. The jaundiced eye and scowling mien that counsel for the trustee should be casting on all who have recently done business with each corporation will likely not fall on counsel's other clients.
 
 III
 
 27
 Appellants next contend the bankruptcy judge acted beyond his authority by sua sponte raising the issue of the conflicts between the debtors in possession. This position ignores the unique responsibilities the Bankruptcy Code imposes on bankruptcy judges in connection with professionals employed by the estate.
 
 
 28
 A bankruptcy court has the authority and the responsibility to only approve employment of professionals who meet the minimum requirements set forth in Sec. 327(a), independent of objections. In re Granite Sheet Metal Works, Inc., 159 B.R. 840, 846 (Bankr.S.D.Ill.1993) (court entrusted with duty to determine qualifications of debtor's counsel independent of objection). Assuming Sec. 327(c) requires an objection from a creditor or from the U.S. trustee before the court can examine conflicts arising from simultaneous representation of a creditor, a conclusion we do not make, Sec. 327(a) does not include similar language. Moreover, where the Bankruptcy Code provides for the raising of an issue by a "party in interest,"[10] such provision shall not be "construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to ... prevent an abuse of process." 11 U.S.C.A. Sec. 105(a) (emphasis added).
 
 
 29
 Examination of the surrounding Bankruptcy Code sections on professionals shows a consistent statutory scheme to give the bankruptcy judge discretion and power to ensure professionals are disinterested and do not represent interests adverse to the estate regardless of objection by party in interest. See 11 U.S.C.A. Sec. 328(c) (bankruptcy judge has discretion to deny compensation to professional if at any time during employment "such professional ... represents or holds an interest adverse to the interest of the estate"); 11 U.S.C.A. Sec. 329 (bankruptcy judge may cancel fee agreements or recoup payments made to attorneys in the year prior to the petition filing, to the extent payments exceed the reasonable value of services). Thus, Secs. 327(a), 328 and 329 are alike as they give the bankruptcy judge the responsibility and power to oversee professionals involved in a bankruptcy case without any requirement that the issues be raised by a party in interest.
 
 IV
 
 30
 Appellants finally contend the district court erred because there was no actual conflict of interest. Appellants contend the confirmation of reorganization plans is evidence there was no conflict. By this argument, Appellants are trying to bolster their position with the benefit of hindsight to essentially argue "no harm, no foul". However, in this case we review the applications as they were presented to the bankruptcy court, not the quality of the unapproved representation. See Martin, 817 F.2d at 183 (showing lack of harm from attorney's lien after the fact does not render conflict acceptable). We also find it is impossible to know if the terms of the confirmed plans were affected by the joint[11] representation.
 
 
 31
 Appellants' contention there is no actual conflict shows an incomplete view of the fiduciary duty of the debtor in possession, as trustee of the estate, and of the professional's obligation to independently serve the trustee. A trustee must examine payments the debtor made prior to filing. See 11 U.S.C.A. Sec. 547(b) (payment of unsecured debts within three months prior to filing). The trustee must examine the debtor's treatment of insiders[12] within one year of the filing. 11 U.S.C.A. Sec. 547(b); see In re Robinson Bros. Drilling, Inc., 6 F.3d 701 (10th Cir.1993) (trustee can avoid and recover transfers by debtor to noninsider creditors if they benefited insider guarantor), cert. denied, --- U.S. ----, 114 S.Ct. 1336, 127 L.Ed.2d 384 (1994); 11 U.S.C.A. Sec. 548 (transfers of money or property within one year prior to filing for which the estate did not receive fair compensation); 11 U.S.C.A. Sec. 553 (setoff of intercorporate debts prior to filing). The trustee must examine an executory contract, such as Retail's management contract with Green Street, to determine if it is improvident, too expensive, unworkable, or if the estate would be better off financially without it. 11 U.S.C.A. Sec. 365 (rejection of executory contracts and leases). The trustee must examine claims of creditors and, if a purpose would be served, object to allowance of claims. 11 U.S.C.A. Sec. 704(5).[13] The applications and accompanying affidavits in this case do not contain specific facts that would have enabled the court to rule out the conflicts between counsel's duty to advise each debtor in possession on these issues while simultaneously representing the interests of another client that conducted business with the debtor shortly before filing.
 
 
 32
 An applicant under Sec. 327(a) has the burden of establishing by application and accompanying affidavit that its chosen professional is qualified. In re Harold & Williams, 977 F.2d at 910. In this case, the applications and affidavits did not address any of the conflicts involved in representation of the three separate estates, especially in light of the management contract, and the business relationship between Retail and Green Street immediately before filing.
 
 
 33
 The bankruptcy court and district court determined joint representation of these entities would not yield sufficient scrutiny to satisfy the fiduciary duty of the trustee for both estates. It was within the discretion of the bankruptcy court to deny approval of a professional's employment and we find fully supported the bankruptcy judge's conclusion "[i]t would be an impossible task for applicants to undertake this multiple representation and make decisions for one of these debtors which would not be at the expense of another." In re Green Street, 132 B.R. at 462.
 
 
 34
 Appellants also assert the bankruptcy court "permitted" the firm to continue representing the debtors in possession and, as the Appellants benefited from the time and efforts of the law firm, we should reverse the denial of the applications. We are not persuaded by this argument. The Bankruptcy Code and Rules do not provide authority for the court to prohibit a professional from working for any client it chooses. Thus, there can be no question of the court either permitting or prohibiting unapproved representation. Instead, any professional not obtaining approval is simply considered a volunteer if it seeks payment from the estate. 11 U.S.C.A. Sec. 330 (court may allow fees to a professional "employed under section 327"); 2 Collier on Bankruptcy p 327.02 at 327-10 (15th ed. 1993). Cf. In re Land, 943 F.2d 1265, 1267-68 (10th Cir.1991) (return of compensation appropriate if attorney fails to obtain court approval of employment). If we were to reverse the denial of the applications in these cases simply because counsel chose to take a calculated risk and continue employment absent necessary authorization, it would effectively write Sec. 327(a) out of the Bankruptcy Code.
 
 Conclusion
 
 35
 Because of their experience and their familiarity with the cases, bankruptcy judges bring a unique expertise to the question of when simultaneous representation of multiple estates and their creditors is a conflict that works to the detriment of the estate in bankruptcy, its creditors or to the detriment of the public confidence in the integrity of the bankruptcy system. Thus, we will not second guess a decision not to approve professionals under Sec. 327 unless it exhibits a clear abuse of discretion, circumstances not present in the case at hand. By our decision today, we do not hold such simultaneous representation of related estates in bankruptcy is per se prohibited. Instead, each such application must be evaluated on its own merits. We AFFIRM.
 
 
 36
 McWILLIAMS, Senior Circuit Judge, dissents.
 
 
 37
 11 U.S.C. Sec. 327(a) and (c) (1988) provides as follows:
 
 
 38
 Sec. 327. Employment of professional persons
 
 
 39
 (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.
 
 
 40
 ....
 
 
 41
 (c) In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest. (emphasis added).
 
 
 42
 In denying the motions of the three debtors in possession for employment of Nielsen and Senior as their attorney in their respective bankruptcy proceedings, the bankruptcy court spoke as follows:
 
 
 43
 When applying to serve as counsel for a debtor, an attorney is required to fully and candidly disclose all relationships with the debtor, creditors, or any other party in interest in order that the Court may properly evaluate the application and determine whether the attorney is disinterested. Fed.R.Bkrtcy.P. 2014(a). In the motions before the Court, it seems applicants have fully and completely disclosed the relationships between the debtors. The relationship that is most troubling is the debtor/creditor aspect of the disclosure. The Court believes that an attorney who represents a debtor and also represents a creditor or a debtor of that debtor represents an interest adverse to the estate. The Court finds an actual conflict that qualifies applicants as "interested" parties within the scope of Sec. 101(13)(E) [current version at 11 U.S.C. Sec. 101(14)(E) (Supp.1991) ] and thus subject to disqualification pursuant to Sec. 327(a). This disqualification is mandated because the conflict is actual with these debtors and is not hypothetical or theoretical. In re Roberts, 75 B.R. 402 (D.Utah, 1987).
 
 
 44
 In re Green Street, 132 B.R. 460, 462 (Bankr.D.Utah 1991) (emphasis added).
 
 
 45
 In affirming the bankruptcy court, the district court held that if Nielsen and Senior were permitted to represent the three debtors in possession in all three proceedings, the firm would necessarily be representing parties having interests adverse to a particular debtor estate and, additionally, would not be "disinterested persons," as required by 11 U.S.C. Sec. 327(a), solely because of the fact that the debtor estates had claims against each other.
 
 
 46
 It is apparent to me that both the bankruptcy court and the district court held that Nielsen and Senior had an "interest adverse to the estate" and were therefore not "disinterested persons," as those terms are used in 11 U.S.C. Sec. 327(a), solely because of the claims the debtor estates had against the others.
 
 
 47
 This much is certain: Neither the bankruptcy court nor the district court even mentioned 11 U.S.C. Sec. 327(c), which, as indicated, provides that, with certain exceptions thereto, a person is not disqualified from employment under this section "solely because of such person's employment by or representation of a creditor." If neither the bankruptcy court nor the district court mentioned 11 U.S.C. Sec. 327(c), I conclude, and I think reasonably so, that neither the bankruptcy court nor the district court even considered 11 U.S.C. Sec. 327(c).
 
 
 48
 I would reverse and remand with direction that the bankruptcy court, in the first instance, and then the district court, on possible review, address 11 U.S.C. Sec. 327(c). In so doing, I do not believe I am "second guessing" either the bankruptcy court or the district court.
 
 
 
 [1]
 Such a hearing is not ordinarily required for an application for approval of employment of a professional person. Neither the general notice rule, Fed.R.Bankr.P. 2002, nor the specific rule governing applications for employment, Fed.R.Bankr.P. 2014, require any hearing
 
 
 [2]
 The record contains nothing about the debts of these estates
 
 
 [3]
 The record does not show the creditors were given any notice of the applications to employ Neilsen & Senior. Only the U.S. trustee is required to receive a copy of the application. Fed.R.Bankr.P. 2014(a), formerly Rule X-1008(a)(3). Thus, we find no support for Appellants' assertion the creditors received notice of, but did not object to, the applications. Once served with notice, the U.S. trustee's duty is merely to monitor and to comment on applications to the extent it "considers it to be appropriate." 28 U.S.C.A. Sec. 586(a)(3)(B)
 
 
 [4]
 As no hearing was required, see supra n. 1, and none was requested, we reject Appellants' contention the bankruptcy court erred by denying the applications without a hearing
 
 
 [5]
 Appellants also contend the bankruptcy court and district court failed to follow controlling precedent; In re Roberts, 75 B.R. 402 (Bankr.D.Utah 1987). Roberts is not controlling for several reasons. Roberts involved allowance of fees, not approval of employment of professional persons under Sec. 327. In Roberts, the law firm itself was an undisclosed creditor of one of the estates. Roberts also was limited to the particular facts of that case where the district court affirmed the denial of fees in the corporate case but reversed in the related individual case. 75 B.R. at 413
 
 
 [6]
 Neither the district court nor the bankruptcy court treated this as a discretionary appeal from an interlocutory order of the bankruptcy court as permitted by 28 U.S.C.A. Sec. 158(a)
 
 
 [7]
 The matter has been addressed by at least one other Circuit court. In re BH & P, Inc., 949 F.2d 1300, 1307 (3d Cir.1991) (order disqualifying a professional from employment under Sec. 327(a) is reviewable "final order"). However, the granting of an application authorizing employment has been held to be a nonreviewable as interlocutory. See, e.g., In re Westwood Shake & Shingle, Inc., 971 F.2d 387, 389 (9th Cir.1992)
 
 
 [8]
 As made applicable to adversary proceedings and contested matters under the Bankruptcy Code by Fed.R.Bankr.P. 7054 and 9014
 
 
 [9]
 Under 11 U.S.C.A. Sec. 541 of the Bankruptcy Code, each estate is a separate and distinct entity. In these Chapter 11 cases, the debtors in possession act as "trustees" of the estates in bankruptcy and accordingly they may hire professionals, with court approval, pursuant to Sec. 327. See 11 U.S.C.A. Sec. 1107. Thus, a debtor in possession is a statutory fiduciary of its own estate. 11 U.S.C.A. Secs. 1106, 1107(a). A trustee representing an estate in bankruptcy must receive independent counsel, regardless of the estate's relationship to other entities prior to filing. In re Amdura Corp., 121 B.R. 862, 868-69 (Bankr.D.Colo.1990). The inability to fulfill the role of independent professional on behalf of the fiduciary of the estate constitutes an impermissible conflict. See In re Adam Furniture Indus., Inc., 158 B.R. 291, 302 (Bankr.S.D.Ga.1993); In re Prudent Holding Corp., 153 B.R. 629, 631 (Bankr.E.D.N.Y.1993) (Sec. 327(a) is prophylactic "to insure that the undivided loyalty and exclusive allegiance required of a fiduciary to an estate in bankruptcy is not compromised")
 
 
 [10]
 A "party in interest" includes a creditor, 11 U.S.C.A. Sec. 1109(b), and the U.S. trustee, 11 U.S.C.A. Sec. 307
 
 
 [11]
 Prior to confirmation of Retail's plan of reorganization, Neilsen & Senior withdrew from representing Retail
 
 
 [12]
 As a manager of Green Street, Retail is an "insider" of that debtor within the meaning of 11 U.S.C.A. Sec. 101(31)(F) ("managing agent of the debtor")
 
 
 [13]
 Appellants do not support their assertion the debts are "valid and undisputed" with competent evidence such as the affidavits. Further, in this context, the issue is not whether the debts are disputed, but whether the interests of creditors require the debts should be disputed