**In re HURST LINCOLN MERCURY, INC., Debtor.**

**Bankruptcy No. 1–86–03587.**

United States Bankruptcy Court,
S.D.   Ohio, W.D.

Dec. 9, 1987.

Alan J. Statman, Franklin, Ohio, for debtor.

Charles Tobias, Cincinnati, Ohio, for GMAC.

DECISION and ORDER ON OBJECTION TO APPLICATION FOR INTERIM ALLOWANCE BY DEBTOR'S ATTORNEY

BURTON PERLMAN, Bankruptcy Judge.

This case was filed October 21, 1986, by an original filing attorney. The original filing attorney conducted the case until present counsel, Ruppert, Bronson and Chicarelli Co., LPA (hereafter "Ruppert") was substituted April 9, 1987. Thereafter, and until the present, Ruppert has represented the debtor. Ruppert, through a member of the firm, Alan J. Statman, has filed an application for interim allowance of compensation and reimbursement of expenses. A creditor, GMAC, has filed an objection to the application. The basis for the objection is that Fred E. Hurst, II ("Hurst") is the debtor's sole shareholder, that Ruppert represents Hurst personally, and that by reason of such simultaneous representation, there is a conflict of interest. Creditor points out that Ruppert, on behalf of Hurst, has filed a motion for reimbursement of administrative expenses. Creditor contends that the Ruppert conflict of interest is manifest from the failure of the corporation to oppose Hurst's motion, which GMAC says "is totally unfounded in both fact and law", and the failure of the debtor to proceed with causes of action against Hurst for gross mismanagement and breach of fiduciary duty. In response, Ruppert says that there was no conflict of interest, at least until Ruppert filed the administrative claim for Hurst on September 21, 1987, that Hurst has now retained separate counsel and, finally, that this creditor is estopped from asserting the conflict of interest.

1. *Objection to Fee Application*

■ We overrule the objection. GMAC, the present objector, filed a motion to disqualify debtor's counsel in this court on April 17, 1987. The grounds asserted at that time were not different from those asserted by GMAC now. GMAC subsequently voluntarily dismissed that motion. We hold that that action creates an estoppel in favor of debtor's attorney, for it would now be unfair and inequitable to permit GMAC once again to assert a position which it abandoned, debtor's attorney having in the meanwhile committed a large number of hours to the affairs of the debtor. The present application is for services rendered over the course of a number of months in the spring and summer of 1987, a time when critical events in this Chapter 11 case occurred, culminating in the sale of all of the assets of debtor.

■ Entirely apart from the estoppel which we find, we hold that as to the services for which compensation is here sought, that the objection of GMAC is without merit. It is to 11 U.S.C. § 327 that we look for the standards to be applied to the propriety of representation of a debtor by counsel. There it says that attorneys may be employed "that do not hold or represent an interest adverse to the estate, and that are disinterested persons ...". It is fundamental that simultaneous representation of a corporation and its sole stockholder is not in and of itself improper. *In re Freedom Solar Center, Inc.,* 776 F.2d 14, at p. 17 (1st Cir.1985). Through the period for which compensation is here sought, beginning with the appointment of Ruppert as counsel to the Chapter 11 debtor, it cannot

be said that Ruppert, notwithstanding its simultaneous representation of Hurst, represented an interest adverse to the bankruptcy estate. During this period, the focus of the services rendered by Ruppert has been to accomplish the most advantageous sale possible of the assets of the debtor-in-possession. In this effort, clearly Hurst was united in interest with the debtor-in-possession, and it is not real to speak in terms of adverse interests as between them. See *In re O.P.M. Leasing Services, Inc.*, 16 B.R. 932, 938 (Bankr.S.D.N.Y. 1982). Nor can it be said that the Ruppert firm was not disinterested. As to this condition in the statute, reference is not made to a representative capacity, the capacity in which Ruppert serves, and the Ruppert firm had no interest of its own in either entity.

For the period for which compensation is here sought, then, compensation will not be denied on the ground urged by GMAC, transgression against the limitations contained in § 327(a).

■ While we here hold that it is not a reasonable position, in effect, to disqualify counsel after it has rendered substantial services to a Chapter 11 bankruptcy estate, because counsel also represents the individual who is the sole stockholder of the corporate debtor, this does not mean that the simultaneous representation is without significance. In those circumstances, counsel applying for compensation from the bankruptcy estate must be scrupulous to seek compensation only for services rendered for the benefit of the estate, and not for the individual. Scrutinizing the fee application to be certain that this distinction is observed is entirely appropriate for creditors and the court. Where a valid question on this score arises, counsel for the debtor seeking fees must bear the burden of showing that services rendered were for the benefit of the estate.

■ Upon review of the fee application by debtor's counsel, and noting that the date of the entry appointing this counsel was April 9, 1987, those items prior to April 1, 1987 in the attorney's application under the heading "Initial Substitution into Case"

must be disallowed. The reason for this is that they occurred at a time when other counsel was representing debtor-in-possession. It appears further that counsel was primarily concerned with the affairs of Hurst personally.

Thus, while we overrule the objection of creditor, we reduce the fee granted to Ruppert to $24,813.75, and $597.39 for disbursements.

2. *The Future*

With the liquidation of the business assets of the debtor, this bankruptcy estate now takes on a different complexion. While GMAC has not subdivided its motion to deal separately with the past and with the future, it is appropriate for us to address separately the question of the future. There are three areas discussed by GMAC as to which § 327(a) will be offended if there is continued representation of debtor-in-possession by Ruppert. These are (1) Hurst's application for allowance of an administrative expense priority claim against the bankruptcy estate; (2) pursuit, or at least investigation, by the debtor-in-possessin of possible claims against Hurst "for gross mismanagement and breach of fiduciary duty"; and (3) an alleged conflict because GMAC says that Hurst personally guaranteed to GMAC obligations of the debtor-in-possession. (We observe that the means by which GMAC brings this last ground to our attention is to attach a copy of an answer in an independent lawsuit brought by GMAC against Hurst. The answer contains a certificate of service dated July 3, 1987.)

A. *Hurst's claim for an administrative expense*

■ It is a matter of common experience that in the kind of situation with which we here deal involving a closely held corporation, where a sole stockholder creates the corporate entity for well understood legitimate business reasons, there is commonly ongoing interaction between the stockholder and his corporation. It is far from surprising that a sole stockholder might, when his corporation is experiencing

difficulty, advance funds to the corporate entity by way of a loan. This kind of transaction does not in and of itself constitute the shareholder a party with an interest adverse to that of the corporation. In a bankruptcy context it may well be that there are grounds to resist repayment of such funds to the stockholder. Neither the initial loan, nor resistance to repayment of the loan, should automatically lead to total disqualification of counsel representing both parties where, upon the development of the controversy, counsel for the debtor withdrew from representation of the stockholder. We do not see how more could be accomplished to preserve the integrity of the bankruptcy process than by introducing separate counsel for the stockholder into the picture. Indeed, at that point to displace counsel for the debtor-in-possession would be wasteful of the assets of the debtor-in-possession. Apart from the settlement of the question of repayment to the stockholder, there are matters remaining in the Chapter 11 case which require the attention of counsel, and as to which substitution of new counsel would mean an unwarranted expense for the bankruptcy estate. See *In re O'Connor*, 52 B.R. 892, 901 (Bankr.Okla.1985). After all, it is still the sole stockholder who is the operating head of the debtor-in-possession, to whom counsel for debtor must look as the voice of his client. It would not aid the situation now to oust Ruppert from representation of the debtor-in-possession, and install an entirely new counsel in that capacity, for new counsel would, just as is Ruppert, be obliged to look to the stockholder for instruction, and the concerns of a creditor such as GMAC would not be allayed.

Under the circumstances depicted, a creditor experiencing concern about the situation should be considering two courses. The first would be to attempt to displace the stockholder from his position of authority in the corporation through means to be found in the Bankruptcy Code. In the alternative, the creditor itself has standing to resist the stockholder's initiative against the corporation. Because, in any case, this controversy will be dealt with by counsel other than counsel for the debtor, we find this matter separable from the other affairs of debtor and conclude that counsel for the debtor should not be disqualified thereby.

B. *Claims by corporation against stockholder for mismanagement, etc.*

Our foregoing discussion has application here as well. As long as the stockholder is left in control of the corporate debtor, we see no benefit to the integrity of the bankruptcy process by removing present counsel for the debtor, where separate counsel for the stockholder has been installed. To suggest otherwise would be to adopt an unreal view of the role of counsel for the debtor in a Chapter 11 case. The discussion by GMAC almost suggests that counsel for the present corporate debtor is, or ought to act as, a principal in the case, making decisions and executing them in regard to claims by the corporation against the stockholder. To state the proposition is to show its inappropriateness, for under whatever circumstances, counsel is not a principal but serves in a representative capacity. If creditors wish for there to be a vigorous pursuit of such claims against Hurst, several courses are open to them which can achieve that objective. There is no reason to believe that the simple substitution of new counsel for the debtor-in-possession, which would be selected by its sole stockholder, would accomplish the objectives sought by GMAC. We therefore decline to disqualify present counsel on this account.

C. *Hurst's guarantee of corporate obligations*

The same remarks which we made in the preceding section are controlling here and, again, we decline to disqualify counsel for debtor. Counsel for debtor no longer represents Hurst individually. That Ruppert formerly did is insufficient to disqualify that firm. *In re Quakertown Glass Co., Inc.*, 73 B.R. 468 (Bankr.E.D.Penn.1987). There is a positive benefit to retaining Ruppert as counsel to the debtor in that it would be wasteful and expensive to intro-

duce new counsel in that capacity at this juncture.

So Ordered.