### In re CLEVELAND TRINIDAD PAVING CO., Debtor.

**Bankruptcy No. 97–15730.**

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

March 31, 1998.

---

Joan A. Kodish, Cleveland, OH, for Debtor.

Joel Rathbone, trustee, Cleveland, OH.

Mark Schlachet, Cleveland, OH, for trustee.

Diana M. Thimmig, Arter & Hadden, Cleveland, OH, for Ontario Stone Corp.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

In this involuntary Chapter 7 case, Ontario Stone Corporation (Ontario), an unsecured creditor, seeks to disqualify counsel appointed for the trustee. Following a duly noticed hearing and a review of the record, generally, the following findings and conclusions are made:

The operative facts are generally not in dispute. On or about August 20, 1997, an involuntary petition for relief under Chapter 7 was filed against Cleveland Trinidad Paving Company (the Debtor). An order of relief was entered on September 17, 1997, and a trustee was duly appointed. On November 12, 1997, the trustee sought authori-

zation to retain Attorney Mark Schlachet (Trustee's Counsel) as his legal counsel. The motion to employ counsel was accompanied by an affidavit of Attorney Schlachet.

The Debtor operated an asphalt and paving business in Cleveland, Ohio. Allega, also an asphalt paving company, completed certain of the Debtor's contracts and is a scheduled unsecured creditor of the Debtor. Prior to the Debtor being involuntarily placed into bankruptcy, the Debtor and Allega entered into an asset purchase agreement on or about May 22, 1997 wherein Allega was to acquire substantially all of the Debtor's assets which included two asphalt plants with attendant fixtures, equipment and accessories, all transferable operating permits, inventory and other personal property. (See, Ontario's Brief, Exh. B). Allega leased the subject real estate from Debtor for a ten-year period with an extension option and a $140 Thousand buy out provision exercisable during the first five years of the lease. Under the agreement, the asset purchase price was $2.55 Million, allowing Allega the use of the assets and the location from May 5, 1997 until the transaction closing date of May 22, 1997.

The Debtor's petition schedules which were filed December 15, 1997, show assets totaling $ 3,972,489.15 against total liabilities in the amount of $ 7,205,281.06. Among the Debtor's general unsecured liabilities are debts owing to Allega totaling $186,034.10.[1] (See, Schedule F). As stated above, Allega is also a lessee of the Debtor's subject real property. (See, Schedule G).

The referenced Schedules show that Allega's creditor status existed as of the petition filing date. Attorney Schlachet's legal consultation with Allega on September 22, 1997 occurred postpetition while Allega maintained a general unsecured status. This legal advisement to Allega occurred after the Court's order for relief had entered on the involuntary petition filing.

*Issue*

The Court must determine whether the subject application and accompanying affida-

vit which led to the employment of trustee's counsel was sufficient to disclose any adverse interest or lack of disinterestedness on the part of trustee's counsel.

■ Section 327(a) of the Bankruptcy Code authorizes the trustee, with court approval, to employ professionals to assist in the administration of the trustee's duties set forth under § 704 of the Code. 11 U.S.C. §§ 327(a) and 704. Under that authority, the trustee may only appoint professional persons who do not represent or hold any interest which is adverse to the estate and who are otherwise "disinterested" persons as that term is defined under § 101(14). Under § 101(14)(E) of the Code, a disinterested person is one who ... "does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the debtor...". 11 U.S.C. § 101(14)(E). Where it is determined that the person retained is not a disinterested person or holds an interest adverse to the estate, § 328(c) provides for denial of compensation to a professional person so affected.

Rule 2014, Bankr.R. addresses the appointment of professionals in bankruptcy cases. Rule 2014 provides that only the trustee or a committee may seek the employment of professionals for the estate, with a copy of the application transmitted by the applicant to the U.S. Trustee. The application, *inter alia,* must show to the best of the applicant's knowledge all of the proposed professional's connections with the debtor, creditors and any other party in interest. Additionally, the application is to be accompanied by a verified statement from the individual to be employed showing that person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the Office of the U.S. Trustee.

■ In the case at bar it is both undisputed and disclosed that the trustee's counsel provided legal advice to Allega for a limited

---

1. Anthony Allega Cement Contractor—$177,-032.00; Anthony Allega Cement Contractor— $8,254.32; Allega Recycled Mat. & Supply Co.— $392.78; and Allega Concrete Corp.—$355.00.

time postpetition, but prior to his appointment as trustee's general counsel. That prior representation was disclosed by affidavit in conformity with Rule 2014. Ontario seeks disqualification of the trustee's counsel on the assertion of a potential conflict.

In support of its motion to disqualify counsel, Ontario contends:

1. There exists significant issues which deal specifically with the conduct and business activities between the Debtor and the Allega Companies (Allega);

2. These ties create the potential for material conflicts of interest which would preclude Attorney Schlachet from representing the trustee in the administration of Debtor's case;

3. The motion to employ was not served on any party except the Office of the U.S. Trustee; and

4. Attorney Schlachet failed to disclose other material facts concerning Allega which will directly impact the case.

The burden of proof is on the movant, Ontario, as the party in interest who seeks disqualification of a professional appointed under § 327(a). That burden must be borne by a preponderance of the evidence to show that the standards of § 327(a) and Rule 2014 have been compromised.

In Chapter 7 cases, as well as in Chapter 11 and 12 cases, under § 327(c) of the Bankruptcy Code:

A person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

11 U.S.C. § 327(c). The 1984 amendment to § 327(c) was specifically enacted to lessen the constraints on creditors' counsel who wished to serve as general counsel to trustees or debtors-in-possession. Prior to the 1984 Amendments, § 327(c) absolutely prohibited an attorney from representing a trustee and a creditor in the same case.[2]

■ Due to the unique nature of the bankruptcy process, the need to preserve the public's confidence, and the integrity of the system, courts are obliged to apply the Bankruptcy Code's ethical standards to conflict of interest issues. *In re Amdura Corp.*, 121 B.R. 862, 866 (Bankr.D.Colo.1990). The gravamen of these issues in bankruptcy has been succinctly explained in the following manner:

Strong policy reasons lie behind the prohibition of conflicting interests in the same case. Dual representation is improper because the client has a right to expect undivided loyalty, and an attorney's zealous representation of one client might come at the expense of another client. In addition, there is an omnipresent fear that an attorney representing multiple interests in the same case will be motivated by different desires and objectives, depending upon his own interest in a particular client. Finally, former clients have a right to expect that privileged information exchanged through communication with their attorney will not be used against them in the attorney's subsequent representations in substantially related matters. *See generally International Business Machines Corp. v. Levin*, 579 F.2d 271, 280 (3d Cir.1978); *Fund of Funds Ltd. v. Arthur Andersen & Co.*, 567 F.2d 225, 232–33 (2d Cir.1977). An attorney representing multiple conflicting interests thus undermines and subverts the nature of the adversarial system and prevents it from operating properly.[3]

**2.** The legislative history to § 327(c) reveals that it resulted from a compromise between House and Senate amendments which provides that the former representation of a creditor, whether secured or unsecured, will not automatically disqualify a person from being employed by a trustee. If such person is employed by the trustee, the person may no longer represent the creditor in connection with the case. House Report No. 95–595, 95th Cong., 1st Sess. 3298 (1977); See

Senate Report No. 95–989, 95th Cong., 2d Sess. 38 (1978); 124 Cong.Rec.H. 11,091 (Sept. 28, 1978); S. 17,408 (Oct. 6, 1978), and as further amended in 1984 and in 1986.

**3.** Cook, M.L., et al, "Conflict of Interest Issues in Bankruptcy Reorganization Cases", Prentice Hall Law and Business, July 1992.

■ "To hold or represent an interest adverse to the estate" means (1) to hold or assert any economic interest that would tend to reduce the value of the bankruptcy estate or that would give rise to an actual or potential dispute in which the estate is a rival claimant, or (2) to possess a predisposition under circumstances that render such predisposition a bias against the estate. *In re C .F. Holding Corp.*, 164 B.R. 799 (Bankr. D.Conn.1994). As made clear by the above referenced cases, each instance of alleged conflict or lack of disinterestedness is fact-driven and must be determined on a case-by-case basis. *In re Sixth Ave. Car Care Center*, 81 B.R. 628 (Bankr.D.Colo.1988).

The facts in this case demonstrate that, as required under Rule 2014, Attorney Schlachet's affidavit revealed that his law practice is located in the same building where Allega's law firm is located, although he is a sole practitioner. Postpetition, and prior to his appointment as the trustee's counsel, he provided legal advice to Allega on September 22, 1997.

The affidavit disclosed the relationship between Attorney Schlachet, the Debtor and Allega, and Allega's counsel as follows:

3. I have no connection with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States Trustee, except as follows:

The law firm of Climaco, Climaco, Lefkowitz & Garofoli Co., L.P.A. represents the Allega Companies, one of which completed certain contracts which the Debtor was unable to complete. I am a tenant of the Climaco firm. I attended a meeting on September 22, 1997 at the Anthony Allega Cement Co., at the Climaco Firm's request, and provided advice to Allega regarding a Trinidad matter at that time.

4. My hourly rate of charge is $200.00. I have no agreement to share compensation, nor will I share compensation, with any equity whatever.

■ In determining whether the above affidavit language adequately discloses a disqualifying adverse interest or lack of disinterestedness on the part of the trustee's counsel, the initial burden of proof is upon the professional who seeks the appointment under § 327(a) and Rule 2014. Courts have concluded that the applicant is obligated to prove that he made a full, candid and complete disclosure of all facts relevant to determining his eligibility for employment. *In re Huddleston*, 120 B.R. 399 (Bankr.E.D.Texas 1990). An applicant's negligent omissions do not vitiate the failure to disclose. *In re Gire*, 107 B.R. 739 (Bankr.E.D.Cal.1989). Moreover, the obligation under § 327(a) and Rule 2014 for the applicant to disclose any adverse interest or lack of disinterestedness is a continuing obligation throughout any employment on behalf of the debtor's bankruptcy estate. In this case, the affiant complied with Rule 2014.

Trustee's counsel asserts that he had no role or prebankruptcy knowledge of Allega's prepetition purchase of the Debtor's assets. This was unrefuted by any evidence to the contrary. (Response of Mark Schlachet filed 2–6–98). He further asserts he has no interests adverse to those of the bankruptcy estate and that Ontario has not established any such interest. Although no evidentiary hearing was requested by the movant Ontario, the Court has carefully examined the exhibits attached to the motion which include copies of the trustee's counsel's affidavit (Exh. A), the asset purchase agreement (Exh. B), and what appears to be select pages from Debtor's accounts receivable ledger (Exh. C). Individually or collectively, these documents, without more, fail to disclose any adverse interest held by the trustee's counsel. Ontario's assertion that there are significant issues in this case which deal specifically with the conduct and business activities between Cleveland Trinidad and Allega is both conclusory and unsubstantiated. No evidence was adduced by Ontario in this regard to establish any significant issues.

Ontario's intimation that trustee's counsel was a part of the law firm which represents Allega was not established by any evidence. In fact, trustee's counsel refuted any such allegation at the hearing and in his responsive pleading. His affidavit discloses that he is a sole practitioner and a tenant of the firm which represents Allega. No evidence was

**390**

demonstrated to establish any relationship which would point to an adverse interest or lack of disinterestedness respecting his appointment as counsel for the trustee. Furthermore, no evidence was demonstrated to show a simultaneous representation of Allega while serving as counsel for the Debtor's estate.

 Subject to Court approval, a trustee is to be given wide discretion in choosing the trustee's counsel. *In re Mandell*, 69 F.2d 830, 831 (2d Cir.1934); *In re Market Response Group*, 20 B.R. 151, 152 (Bankr. E.D.Mich.1982); *In re Allard*, 23 B.R. 517, 518 (E.D.Mich.1982). Herein, the case trustee applied for the retention of Attorney Schlachet to serve as his counsel. The trustee made the necessary disclosures as required under § 327(a) and under Rule 2014, Bankr.R. Pursuant to Rule 2014, it is undisputed that the application was transmitted by the case trustee to the Office of the United States Trustee. No objections were filed respecting the appointment of Attorney Schlachet, and he was duly appointed. In the absence of a compelling reason, a creditor should not be allowed to interfere with a trustee's selection of counsel. In the present matter, the movant has failed to demonstrate a compelling reason for disqualification of counsel. The assigned case trustee possesses substantial experience in the bankruptcy field, is familiar with the applicable Code and Rule requirements, and is supportive of the continued representation by Attorney Schlachet as trustee's counsel. He argued strenuously that no adverse interest or lack of disinterestedness in this regard has been evident during his administration of the estate. In brief, he is satisfied with the quality of representation received.

No evidence has been presented to show that the trustee's counsel holds or asserts any economic interest which would tend to reduce the value of the bankruptcy estate or that would give rise to an actual or potential dispute in which the estate is a rival claimant. Nor has it been shown that said counsel possesses a predisposition under circumstances that render such predisposition a bias against the estate. *In re C.F. Holding Corp., supra.* Where such matters can be demonstrated, Ontario or any party in interest is unrestrained from pursuing the appropriate relief. In this instance, however, the requisite burden of proof has not been met.

Accordingly, the motion to disqualify counsel is hereby denied.

IT IS SO ORDERED.