In re HUNTCO INC, et al., Debtors.

Huntco, Inc. et al., Movants.

No. 02–41185–293.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

May 15, 2002.

J. Patrick Bradley, Greensfelder, Hemker, et al., Francis X. Buckley, Jr., St. Louis, MO, Leonard A. David, Teaneck, NJ, John P. Dillman, Linebarger, Heard et al., Houston, TX, Robert E. Eggmann, Copeland, Thompson et al., David L. Giong, Armstrong, Teasdale et al., Steven Goldstein, St. Louis, MO, Philip J. Kochman, Kochman, Donati et al., Houston, TX, Steven W. LaBounty, District Counsel, I.R.S., St. Louis, MO, Brian J. LaFlamme,

Jefferson City, MO, Edward C. Lanter, Summe and Lanter, Fort Wright, KY, William F. McCormick, Nashville, TN, Timothy S. McFadden, Lord, Bissell et al., Chicago, IL, Patricia Williams Prewitt, Locke, Liddell et al., Houston, TX, Rex D. Rainach, Baton Rouge, LA, Patrick D. Sullivan, Hoover Slovacek, Houston, TX, Michael H. Traison, Miller, Canfield et al., Detroit, MI, for creditor.

Michael M. Tamburini, Blackwell, Sanders et al., Kansas City, MO, Nancy S. Jochens, Kansas City, MO, Michael A. Clithero, Blackwell, Sanders et al., St. Louis, MO, for debtors.

## MEMORANDUM OPINION

DAVID P. MCDONALD, Chief Judge.

This matter is before the Court on the motion of Huntco Inc. ("Huntco") and three of its operating subsidiaries (collectively "Debtors") to employ the law firm of Blackwell Sanders Peper Martin, LLP ("BSPM") as counsel. The United States Trustee ("UST") filed an objection to Debtors' motion asserting that BSPM is disqualified to serve as counsel to Debtors under 11 U.S.C. § 327(a). Because BSPM is both a disinterested person as defined in 11 U.S.C. § 101(14) and does not represent an interest adverse to the estate, it qualified to serve as counsel to Debtors under § 327(a). Accordingly, the Court will grant Debtors' motion to employ BSPM as counsel.

## JURISDICTION AND VENUE

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), which the Court may hear and determine. Venue is proper in this District under 28 U.S.C. § 1409.

## FACTUAL AND PROCEDURAL BACKGROUND

Huntco is a holding company that owns all the outstanding shares of three operating subsidiaries, Huntco Nevada, Inc., Huntco Steel, Inc. and Midwest Products, Inc. (collectively the "Operating Subsidiaries"). Huntco has issued two classes of shares, Class A common shares (the "Common Shares") and Class B convertible preferred shares (the "Preferred Shares"). The Common Shares were publically traded and accordingly, the public owns all of the outstanding Common Shares.

Four companies (collectively the "Privately Held Companies"), either directly or indirectly, own all the outstanding Preferred Shares. All of the outstanding shares of the Privately Held Companies are owned by three trusts (collectively the "Family Trusts"). Two individuals, B.D. Hunter ("Hunter") and Robert Marischen ("Marischen"), are either the sole trustee or the co-trustee of the individual Family Trusts. Thus, as either trustee or co-trustee of the various Family Trusts, Hunter and Marischen effectively control the voting rights of the Preferred Shares. Marischen is also the Vice Chairman, Chief Executive Officer and President of Huntco and Vice President of Midwest Products, Inc., one of the operating subsidiaries.

Debtors filed their various petitions for relief under Chapter 11 of the United States Bankruptcy Code on February 4, 2002. Debtors filed an application to employ BSPM as counsel pursuant to § 327(a) contemporaneously with their petitions for relief. Pursuant to Fed. R. Bankr.P.2014(a), BSPM filed a declaration on February 15, 2002, outlining its connections to Hunter, Marischen and the Privately Held Companies. BSPM supplemented its declaration at the request of the UST on March 12, 2002.

BSPM's supplemental declaration indicates that it has represented Hunter, Marischen and the Privately Held Companies. BSPM has acted as outside general counsel to the Privately Held Companies since 1993 and has represented the Privately Held Companies on numerous transactions in a wide array of issues. BSPM's representation of Hunter includes providing estate planning and tax advice, negotiating and documenting transactions between Hunter and the Privately Held Companies and assisting in the completion of various filings and disclosures required by the Securities and Exchange Commission related to Hunter's ownership of both Common and Preferred Shares. Also, Marischen submitted an affidavit to the Court swearing that BSPM's representation of him has been limited to the drafting of a will and providing advice on a residential real estate contract.

The UST filed an objection to Debtors' motion to employ BSPM under § 327(a) based on the firm's representation of Hunter, Marischen and the Privately Held Companies as outlined in BSPM's supplemental declaration. Because the evidence indicates that BSPM is a disinterested person and that it does not represent an interest adverse to the estate, BSPM is qualified to represent Debtors under § 327(a). Accordingly, the UST's objection will be overruled and Debtors' application to employ BSPM will be granted.

## DISCUSSION

### A. Introduction

■ The Bankruptcy Code generally gives a debtor in possession the same rights as a trustee. 11 U.S.C. § 1107(a). Thus, § 327(a) gives the debtor in possession, with court approval, the right to employ counsel to represent it in carrying out its duties under the Bankruptcy Code. The selected counsel has the burden of establishing that it is qualified under § 327(a) to represent the debtor in possession by way of its disclosure under Fed. R. Bankr.P. 2014(a) and accompanying affidavits. *Interwest Business Equipment, Inc. v. United States Trustee (In re Interwest Business Equipment, Inc.)*, 23 F.3d 311, 318 (10th Cir.1994). A bankruptcy court, however, should give the debtor in possession significant deference in its selection of counsel to represent it under § 327(a). *In re Marvel Entertainment Group, Inc.*, 140 F.3d 463, 478 (3d Cir.1998); *In re Creative Restaurant Management*, 139 B.R. 902, 909 (Bankr.W.D.Mo.1992).

■ Section 327(a) provides that a debtor in possession may employ counsel provided that the proposed counsel is a disinterested person and does not hold or represent an interest adverse to the estate. Because § 327(a) is drafted in the conjunctive, the proposed counsel must be both disinterested and not hold or represent an interest adverse to the estate. *Pierce v. Aetna Life Ins. Co. (In re Pierce)*, 809 F.2d 1356, 1362 (8th Cir.1987)

### B. BSPM's Representation of Hunter and Marischen.

The UST first asserts that BSPM may not represent Debtors under § 327(a) because of BSPM's representation of Hunter and Marischen. However, BSPM's disclosure and Marischen's accompanying affidavit demonstrate that BSPM is both disinterested and does not represent an interest adverse to the estate because of its representation of Hunter and Marischen. Thus, BSPM's representation of Hunter and Marischen does not disqualify it from representing Debtors under § 327(a).

### 1. BSPM's Representation of Hunter and Marischen Does not Render BSPM a Non-disinterested Party.

■ The first issue in determining whether BSPM's representation of Hunter and Marischen disqualifies it from repre-

senting Debtors under § 327(a) is whether BSPM's representation of Hunter and Marischen renders it a non-disinterested person. The Code defines the term "disinterested person" in relevant part as "an entity that does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor...". 11 U.S.C. § 101(14)(E). If BSPM is not disinterested under § 101(14), it is not qualified to represent Debtors under § 327(a). *Pierce,* 809 F.2d at 1362–63. Because § 101(14)(E) only applies when the law firm itself holds a materially adverse interest, the Court finds that BSPM's representation of Hunter and Marischen does not render it as a non-disinterested person.

One bankruptcy court has held that a law firm's representation of a non-disinterested person renders the law firm itself non-disinterested under § 101(14)(E). *In re Glenn Electric Sales Corp.,* 89 B.R. 410, 416 (Bankr.D.N.J.1988). The two circuit courts that have addressed the issue, however, have held that § 101(14)(E) only applies to a law firm when the law firm itself holds a materially adverse interest and not where the firm simply represents an entity that may hold a materially adverse interest. *In re AroChem Corp.,* 176 F.3d 610, 629 (2d Cir.1999); *In re BH & P,* 949 F.2d 1300, 1310 (3rd Cir.1991). The Court will adopt the latter approach for two reasons.

First, the Court notes that the Third Circuit Court of Appeals, subsequent to the bankruptcy court's decision in *Glenn Electric Sales,* explicitly held in *BH & P* that § 101(14)(E) only applies when a law firm itself holds a materially adverse interest. *Id.* Thus, the continuing validity of holding in *Glenn Electric Sales* is in serious doubt.

The second reason why the Court rejects the *Glenn Electric Sales* Court's posi-

tion is that it ignores the plain language of the Code. Section 101(14)(E) states that an entity is not disinterested only when it **has** an interest materially adverse to the estate, creditor or equity holders. (Emphasis Added). Unlike the adverse interest requirement in § 327(a), § 101(14)(E) does not state that a person who represents an interest adverse to the estate, creditor or equity holders is not disinterested. Thus, Congress clearly knew the difference between holding and representing an interest and chose not to include representing an interest in the definition of a non-disinterested person under § 101(14)(E). *See AroChem,* 176 F.3d at 629.

Accordingly, the Court will follow the Second and Third Circuit and hold that a law firm is not disinterested under § 101(14)(E) simply because it represents an entity that may be a non-disinterested person. Rather, a law firm is disinterested under § 101(14)(E) unless it personally holds a materially adverse interest to the estate, creditor or equity holders.

Here, there is no allegation that BSPM personally holds an interest that is materially adverse to the estate, any creditors or equity holders. Neither BSPM's disclosure nor Marischen's affidavit even remotely suggest that BSPM personally holds an interest that is materially adverse to the estate, creditors or equity holders. The UST has failed to identify any interest that BSPM may personally hold that is materially adverse to the estate, creditors or equity holders. Therefore, the Court finds that BSPM's representation of Hunter or Marischen does not render BSPM as a non-disinterested party under § 101(14).

*2. BSPM's Representation of Hunter and Marischen is not a Per Se Representation of An Interest Adverse to the Estate.*

The closer question is whether BSPM's represents an interest adverse to

the estate under § 327(a) because of its representation of Hunter and Marischen. The UST first argues that BSPM's representation of Hunter and Marischen is a *per se* representation of an interest adverse to the estate under § 327(a) because of their role as controlling shareholders with respect to the Preferred Shares. The Court will not adopt this *per se* rule because it is not consistent with the economic realities underlying the shareholders' relationship to the debtor in position and does not allow for the flexible, fact specific analysis required by § 327(a).

A small minority of cases has held that the interest of a principal shareholder is *per se* adverse to the interest of the estate. Accordingly, these courts have held that § 327(a) imposes a *per se* prohibition on a attorney's dual representation of both the principal shareholders and the debtor in possession. *See e.g. In re Kendavis Indus. Int'l.*, 91 B.R. 742, 754 (Bankr. N.D.Tex.1988).

The majority position is that representation of principal shareholders is not *per se* to the representation of an interest adverse to the estate under § 327(a). *In re Freedom Solar Center, Inc.*, 776 F.2d 14, 17 (1st Cir.1985); *In re EWC, Inc.*, 138 B.R. 276, 284 (Bankr.W.D.Okla.1992); *In re Hurst Lincoln Mercury, Inc.*, 80 B.R. 894, 895 (Bankr.S.D.Ohio 1987). Under the majority position, the objecting party must demonstrate some other conflict between the shareholders and the debtor in possession. *Freedom Solar Center*, 776 F.2d at 17 (Shareholder was a potential purchaser of debtor in possession's assets); *Colorado Nat'l Bank v. Ginco (In re Ginco)*, 105 B.R. 620, 621 (D.Colo.1988) (Estate had potential claims against shareholder for corporate mismanagement); *EWC*, 138 B.R. at 284 (Shareholder was a recipient of preferential transfers); *In re Lee*, 94 B.R. 172, 178 (Bankr.C.D.Cal.1988)

(Shareholders were jointly liable on several notes with the debtor in possession).

The rationale underlying the majority position is two fold. First, the majority position recognizes that the economic interests of the shareholders are generally aligned with those of the estate. *Hurst Lincoln Mercury*, 80 B.R. at 896. Thus, given that a bankruptcy court must give the debtor in possession deference in its selection of counsel, any party objecting to the proposed counsel's dual representation of the shareholder and the debtor must point to some conflict other than the shareholder/debtor in possession relationship.

The second reason underlying the majority rule is that the court's inquiry as to whether a law firm represents an interest adverse to the estate under § 327(a) is a fact specific analysis that is case specific. *In re Martin*, 817 F.2d 175, 182 (1st Cir.1987). This fact specific analysis should focus upon two issues. First, the court must determine whether there is an existing conflict of interest. Second, the court must examine whether the probability that any potential conflict will ripen into an actual conflict is sufficiently strong to warrant the disqualification of the debtor in possession's selected counsel. *Martin*, 817 F.2d at 182; *Marvel Entertainment Group*, 140 F.3d at 477. The objecting party, however, must produce more evidence than the mere appearance of a conflict to sustain its burden on the adverse interest test of § 327(a). *Marvel Entertainment Group*, 140 F.3d at 477; *BH & P*, 949 F.2d at 1314; *Martin*, 817 F.2d at 183.

The minority *per se* rule is simply too rigid to accommodate this flexible, fact specific analysis of the adverse interest test under § 327(a). *Id.* Rather, as discussed above, the proper application of § 327(a) must give the bankruptcy court

the flexibility to analyze the economic realities underlying the relationship between the shareholders and the debtor in possession. As a leading commentator has observed, because *per se* rules under § 327(a) in general do not provide the bankruptcy court with such flexibility, they do not comport with the proper analysis required by § 327(a). 3 LAWRENCE P. KING ET. AL., COLLIER ON BANKRUPTCY ¶ 327.04[5][b] (15th ed.2001).

The UST contends that this Court has previously adopted the *per se* rule in two previous cases. First, the UST first argues that this Court adopted the minority *per se* rule in an unpublished order in the LLS, Inc. Bankruptcy (Case No. 02–40510). In LLS the debtor in possession's selected law firm did represent two of the debtors' primary shareholders. The two shareholders, however, were also bidding on the debtors' assets and there was a significant potential for litigation between the debtor in possession and the shareholders. This Court held that the proposed law firm represented an interest adverse to the estate under § 327(a) because the law firm represented the two shareholders in their role as potential purchasers of the estate's assets and adversaries in litigation. This is consistent with the majority position that rejects the *per se* rule. *See Freedom Solar Center,* 776 F.2d at 17.

The UST also maintains that this Court's opinion in *In re Areaco Invest. Co.,* 152 B.R. 597 (Bankr.E.D.Mo.1993) adopts the *per se* rule. In *Areaco,* the attorney failed to properly disclose as required by Rule 2014(a) the fact that he represented the debtor in possession's two principal shareholders. *Id.* at 602. Also, in *Areaco* the attorney negotiated a settlement to a dispute on behalf of the debtor in possession and the two shareholders. The evidence adduced demonstrated that

the attorney's lack of full disclosure of his relationship to the shareholders led to confusion among the various constituency groups as to whom the attorney actually represented. *Id.* at 603. This Court, therefore, held that the attorney failed to demonstrate that his work was on behalf of the estate as opposed to two shareholders and disallowed a portion of the attorney's requested fees. *Id.*

Here, there is no allegation that BSPM failed to make the requisite disclosure under Rule 2014(a). Also, this Court, in *dicta,* actually adopted the majority position in *Areaco* and noted that generally, the interest of the shareholders will align with the interest of the estate. *Id.* Given the sound policy rationale underlying the majority rule discussed above, the Court will follow its *dicta* in *Areaco.* Accordingly, the UST must identify some conflict between either Hunter and Marischen and the estate, apart from the shareholder/corporation relationship, for BSPM's representation of Hunter and Marischen to be a representation of an interest adverse to the estate under § 327(a).

*3. BSPM's Past Representation of Marischen is not a Representation of an Interest Adverse to the Estate.*

The only potential conflict between the estate and either Hunter or Marischen is the success fee that Marischen will receive under the proposed Success Based Initiative Plan (the "Plan"). Under the Plan, certain key employees will receive a bonus from the estate if the sale of Debtors' assets generates sufficient proceeds to pay the claim of the senior secured lender, Congress Financial ("Congress"). Marischen, in his role as Chief Executive Officer of Huntco and Vice President of two of the Operating Subsidiaries, could receive a maximum of $210,000.00 under the Plan. This potential payment to Marischen under the Plan does not disqualify BSPM

from representing Debtors under § 327(a) for two reasons.

■ First, the evidence adduced indicates that BSPM does not currently represent Marischen in any capacity. Section 327(a) prohibits a professional person who "...represent[s] an interest adverse to the estate" from representing the debtor in possession. Because § 324(a) is written in the present tense, it prohibits a law firm from representing the debtor in possession only if the law firm currently represents an interest adverse to the estate. *AroChem*, 176 F.3d at 623. Section 324(a), therefore, does not disqualify a law firm that may have in the past represented a person or entity that holds an interest adverse to the estate. *Id.*

Here, BSPM, in support of its response to the UST's objection, proffered the affidavit of Marischen. In his affidavit, Marischen states that BSPM has only represented him on two distinct occasions. Specifically, BSPM represented Marischen in 1994 in a residential real estate transaction and in 1998 in preparing his will. Marischen further states in his affidavit that BSPM does not currently represent him in any capacity, including his rights under the Plan. The UST failed to controvert these statements contained in Marischen's affidavit. Accordingly, even if Marischen does hold an interest adverse to the estate because of his interest under the proposed Plan, the uncontroverted evidence indicates that BSPM does not currently represent that interest. Therefore, BSPM's past representation of Marischen is not a representation adverse to the interest of the estate under § 324(a).

■ Second, even if § 324(a) were to apply generally to a law firm's past representation of a person or entity that currently holds an adverse interest, BSPM's past representation of Marischen in the instant case would not disqualify it under § 324(a). A law firm represents an interest adverse to the estate under § 324(a) only if the issues on which it represented the interest holder is somehow germane to the issues involved in the bankruptcy. *AroChem*, 176 F.3d at 624; *Marvel*, 140 F.3d at 477; *New Haven Radio, Inc. v. Meister (In re Martin–Trigona)*, 760 F.2d 1334, 1343–44 (2d Cir.1985).

■ Here, as discussed above, the uncontroverted evidence indicates that BSPM's representation of Marischen has been limited to advice on a residential real estate transaction and the drafting of his will. These two issues are not in any way related to any conceivable issue that may arise in these bankruptcies. Accordingly, even if § 324(a) were to apply to a law firm's past representation of a person or entity, BSPM's past limited represent of Marischen does not amount to the representation of an interest that is adverse to the estate under § 324(a).

*C. BSPM's Representation of the Privately Held Companies*

The UST's second argument is that BSPM's representation of the Privately Held Companies either renders BSPM a non-disinterested party under § 101(14)(E) or is a representation of an interest that is adverse to the estate. As illustrated above, BSPM cannot be non-disinterested under § 101(14)(E) because of its representation of the Privately Held Companies, even if those companies themselves are non-disinterested. Also, the analysis of whether BSPM's representation of the Privately Held Companies constitutes a representation of an interest adverse to the estate under § 327(a) is identical to the Hunter and Marischen analysis above.

■ Specifically, the representation of a debtor in possession's affiliate is not a *per se* representation of an interest that is

adverse to the estate. *BH & P*, 949 F.2d at 1316–17. Rather, the objecting party must identify some conflict between the affiliate and the debtor in possession apart from the affiliate relationship. *Id.; In re First Jersey Securities, Inc.*, 187 B.R. 135, 149 (Bankr.D.N.J.1995) *rev'd on other grounds* 180 F.3d 504 (3d Cir.1999). For example, if there is a strong possibility that the debtor in possession may have claims against an affiliate company, the affiliate company holds an interest adverse to the estate so as to disqualify a law firm from representing both under § 327(a). *See Interwest Business Equipment v. United States (In re Interwest Business Equipment)*, 23 F.3d 311, 316–17 (10th Cir.1994).

Here, there is no allegation of any actual or potential conflicts between Debtors and the Privately Held Companies apart from the affiliate relationship. As discussed above, this is insufficient to warrant a finding that BSPM's representation of the Privately Held Companies constitutes the representation of an interest adverse to the estate under § 324(a).

### CONCLUSION

There is no allegation that BSPM failed to properly disclose its relationships with Hunter, Marischen and the Privately Held Companies as required in Rule 2014(a). Also, BSPM's representation of Hunter, Marischen and the Privately Held Companies does not render it a non-disinterested person under § 101(14)(E). Furthermore, BSPM's representation of Hunter, Marischen and the Privately Held Companies as set forth in its disclosure and supplement-

ed by Marischen's affidavit does not constitute the representation of an interest adverse to the estate under § 324(a). Therefore, BSPM is qualified to represent Debtors under § 327(a). Accordingly, the Court will grant Debtors' application to employ BSPM.

 Although Debtors' application will be granted, the Court appreciates the UST's concern that there is a possibility that a potential conflict between Debtors and either Hunter and Marischen or the Privately Held Companies may surface in the future. Accordingly, the Court reminds BSPM that its duty to disclose under Rule 2014(a) is a continuing one. *In re Cleveland Trinidad Paving Co.*, 218 B.R. 385, 389 (Bankr.N.D.Ohio 1998).[1]

An Order consistent with this Memorandum Opinion will be entered this date.

---

1. Also, the Court notes that the Code gives it a great deal of discretion in fashioning a remedy when a law firm fails to make such continuing disclosures. For example, § 328(c) gives the Court the power to deny any application for fees if a law firm either becomes non-disinterested or represents an interest adverse to the estate after the bankruptcy court has granted the original application under § 327(a). *Pierce*, 809 F.2d at 1362 n. 18; *Areaco*, 152 B.R. at 602–03. Additionally, § 330(a)(2) allows the bankruptcy court to award an amount less than the amount requested by the professional if the professional fails to provide updated disclosures required by Fed. R. Bankr.P.2014(a). *Id.* at 603.