# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 10-6002

_____

In re:                                         *
                                               *
M&M Marketing, L.L.C.,                          *
                                               *
    Debtor.                                *
                                               *
_____               *
                                               *
Michael L. Blumenthal,                          *
                                               *
    Creditor - Appellant,                 *
                                               *
        v.                             *
                                               *   Appeals from the United States
Richard D. Myers,                               *   Bankruptcy Court for the District of
                                               *   Nebraska
    Trustee - Appellee,                   *
                                               *
Jerry Cronk, Cheryl Cronk, Jerome               *
Langdon, Coleen Langdon, Phillip                *
Cronk, and Lorraine Cronk,                      *
                                               *
    Petitioning Creditors - Appellees.  *

_____

No. 10-6004

_____

In re:                                         *
                                               *
Premier Fighter, L.L.C.,                        *
                                               *
    Debtor.                                *

_____

Michael L. Blumenthal,                    *
                                          *
        Creditor - Appellant,             *
                                          *
            v.                            *
                                          *
Richard D. Myers                          *
                                          *
        Trustee - Appellee                *
                                          *
Jerome Langdon, Coleen Langdon,           *
Ryan Cronk, Jeremiah McAndrew             *
                                          *
        Petitioning Creditors - Appellees. *
                                    _____

Submitted: March 2, 2010
Filed: April 2, 2010 (Corrected June 11, 2010)
                        _____

Before KRESSEL, Chief Judge, FEDERMAN and VENTERS, Bankruptcy Judges.
                        _____

VENTERS, Bankruptcy Judge.

This is an appeal of the bankruptcy court's order denying Creditor Michael Blumenthal's "Motion to Remove Professional David Skalka and Croker Huck Law Firm," and a related order granting the Trustee's supplemental application to employ David Skalka and Croker Huck as special counsel. For the reasons stated below, we reverse these orders.[1]

---

[1] This opinion addresses identical rulings entered in the underlying companion bankruptcy cases of *In re M&M Marketing, LLC*, Case No. 09-81458 and *In re Premier Fighter, LLC*, Case No. 09-81461.

# I. STANDARD OF REVIEW

We review a bankruptcy court's decision concerning the employment of an attorney for abuse of discretion.[2] A court abuses its discretion "when its ruling is founded on an error of law or a misapplication of law to the facts."[3] In its application, the abuse of discretion standard is nearly indistinguishable from the clearly erroneous standard.[4]

# II. BACKGROUND

The resolution of this appeal turns on the relationships among the following parties-in-interest in the underlying bankruptcy cases:

1.    The Debtors, M&M Marketing, LLC (M&M) and Premier Fighter, LLC ("Premier"). M&M is the sole member of Premier Fighter, LLC.

2.    Matthew Anselmo ("Anselmo"). Anselmo's current relationship to the Debtors is a matter of dispute. It is undisputed that prior to June 2008, Anselmo was the sole member and manager of M&M and the manager of Premier. The Appellant, Creditor Michael Blumenthal, maintains that Anselmo is still the owner of M&M. The Trustee and the Petitioning Creditors, on the other hand, contend that sometime in June 2008 Blumenthal coerced Anselmo to transfer

---

[2] *Walton v. LaBarge* (*In re Clark*), 223 F.3d 859, 862 (8th Cir. 2000).

[3]  *First Nat'l Bank of Olathe, Kansas v. Pontow* (*In re Pontow*), 111 F.3d 604, 609 (8th Cir. 1997).

[4] *Gourley v. Usery* (*In re Usery*), 242 B.R. 450, 457 (B.A.P. 8th Cir. 1999) (citing *Forbes v. Forbes* (*In re Forbes*), 215 B.R. 183, 187 n. 6 (B.A.P. 8th Cir. 1997)).

all of his interest in M&M to Blumenthal.  Blumenthal denies this ever occurred.

3.      Michael Blumenthal.  Blumenthal is a creditor of Anselmo and the Debtors.

4.      The Petitioning Creditors: Jerry Cronk, Cheryl Cronk, Jerome Langdon, Coleen Langdon, Phillip Cronk and Lorraine Cronk.  The Petitioning Creditors are the "parents and aunts and uncles" of Matthew Anselmo's wife, Heather Anselmo. It is unclear from the record who are Mrs. Anslemo's parents and who are her aunts and uncles.

5.      Proposed counsel for the Trustee: David Skalka and his law firm, Croker, Huck, Kasher, DeWitt, Anderson & Gonderinger, LLC  (collectively, "Skalka"). Skalka currently represents the Petitioning Creditors.

## B.    History

In May 2007 Blumenthal loaned Anselmo $1,545,000.00 in several installments.  Shortly thereafter, M&M Marketing made the following payments to three of the Petitioning Creditors:

| Recipient | Amount | Date |
|---|---|---|
| Jerry Cronk | $250,000 | May 14, 2007 |
| Phillip Cronk | $280,000 | May 30, 2007 |
| Coleen Langdon | $470,000 | June 7, 2007 |

In January 2008, Blumenthal obtained a judgment against Anselmo and M&M Marketing in the United States District Court for the Northern District of Illinois.[5] According to Blumenthal, the Petitioning Creditors opposed Blumenthal's efforts in obtaining this judgment and took various steps to prevent Blumenthal from enforcing his judgment against Anselmo and the Debtors, supposedly because Blumenthal's search for assets led to the Petitioning Creditors' doorstep.

The Petitioning Creditors filed involuntary petitions in bankruptcy against M&M and Premier on June 3, 2009. The petitions were unopposed, and orders of relief were entered on June 30, 2009. Richard D. Myers was appointed as the Chapter 7 trustee ("Trustee") in both bankruptcy cases.

On September 9, 2009, the Trustee filed an application to approve the employment of Skalka as "Special Counsel . . . to represent the Trustee in pursuing any and all preferences in this bankruptcy estate, pursuing any avoidable and/or fraudulent transfers of all or substantially all of the assets of the Debtor occurring in the year immediately preceding the filing of the involuntary petition in this matter, pursuing any causes or choses of action the bankruptcy estate may have flowing from the aforesaid avoidable preferences or transfers, and bringing any adversary proceedings as may be necessary to pursue such actions." At the hearing on the application, the Trustee stated that Skalka's sole mission was to pursue Blumenthal and that the Trustee's general counsel, Erin R. Harris, would investigate any other potential preference or fraudulent transfer actions the estate might have against the Petitioning Creditors.

The Trustee also stated in the application that Skalka's representation of the Petitioning Creditors would not be adverse to the estate because the Petitioning

_____

[5] It appears from the record that this judgment has since been set aside or amended.

Creditors did not receive any transfers from the Debtors within the year preceding the involuntary petitions. Skalka's affidavit filed in support of the Trustee's motion disclosed the same.

On September 10, 2009, the bankruptcy court granted the Trustee's application to employ Skalka as special counsel.[6] Notably, the court specifically reserved ruling on whether "the person or entity being employed represents no adverse interest."[7]

On September 21, 2009, Blumenthal filed a "Motion to Remove David Skalka and Croker Huck Law Firm as Special Counsel to Chapter 7 Trustee," in which he argued that Skalka should be disqualified because: 1) the interests of Skalka's clients (the Petitioning Creditors) are adverse to the estate because they received (allegedly) fraudulent transfers in 2007; 2) Skalka is not "disinterested," as required by 11 U.S.C. § 327(a), because he represents relatives of Debtor M&M's principal, Anselmo; and 3) the Trustee and Skalka failed to disclose in their "Rule 2014 disclosures" that Skalka represents Anselmo's relatives.[8]

The Trustee subsequently filed a "Supplemental Application to Employ Special Counsel for Trustee." The Supplemental Application was filed for the sole purpose of disclosing the fee agreement between Trustee and Skalka.

---

[6] The order was entered on September 10 in case no. 09-81458 and on September 15 in case no. 09-81461.

[7] Consequently, the Trustee's argument that Blumenthal's motion to remove counsel constitute an impermissible collateral attack on the bankruptcy court's order approving their employment fails. Blumenthal's motion addresses an issue which had not been previously ruled on.

[8] Because we reverse on other grounds, we do not need to rule on the adequacy of the Trustee's and Skalka's disclosures.

The bankruptcy court held a hearing on Blumenthal's motion to remove Skalka on November 16, 2009, at which time the parties offered argument and evidence in the form of previously filed affidavits. No live testimony was tendered or admitted. The bankruptcy court took the matter under advisement.

On November 19, 2009, the bankruptcy court denied Blumenthal's motion to remove Skalka. The ruling stated in pertinent part:

> Mr. Skalka and his firm are employed as special counsel for a limited purpose. The lawyers have no actual conflict with the estate, only with the movant. There are creditors in addition to movant and they have a right to have the Trustee use best efforts to obtain control of all assets of the estate. Using special counsel with knowledge of the history of the relationship between movant and Mr. Anselmo may facilitate those efforts.

The bankruptcy court approved the Trustee's Supplemental Application to Employ Special Counsel for Trustee on November 20, 2009. Blumenthal timely appealed both of these orders.

## III. DISCUSSION

The employment of counsel by a bankruptcy trustee is governed by 11 U.S.C. § 327(a). Under §327(a), there are essentially two conditions for an attorney's employment: the attorney must be "disinterested," and the attorney cannot hold or represent an interest adverse to the estate.[9] Blumenthal challenges Skalka's employment on both grounds. We deal with each in turn.

---

[9] 11 U.S.C. § 327(a) provides in full: "Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

Whether an attorney is disinterested is determined by reference to 11 U.S.C. § 101(14), which defines a disinterested person as someone that "(A) is not a creditor, an equity security holder, or an insider; (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason."

Blumenthal argues that Skalka is not disinterested because his clients are not disinterested.

Blumenthal is correct that the Petitioning Creditors would not qualify as disinterested under § 101(14).[10] As close relatives of the Debtor M&M's principal,[11] the Petitioning Creditors are "insiders" of the Debtor, and under the terms of § 101(14), insiders are not disinterested persons. However, an attorney is not disinterested because he represents an entity that is not disinterested. Whether an attorney (or law firm) is disinterested is solely a function of the <u>attorney</u>'s relationship to the debtor.[12] And Blumenthal has not identified, nor have we found, anything in the record that would support an independent basis for finding that Skalka or the Croker Huck law firm had or have a relationship with the Debtor which would make them not disinterested. Therefore, Skalka is disinterested.

---

[10] Section 101(31) defines insider as including a "relative of a general partner, director, officer, or person in control of the debtor." And § 101(45) defines relative as an "individual related by affinity or consanguinity within the third degree as determined by the common law."

[11] Section 101(45) defines relative as an "individual related by affinity or consanguinity within the third degree as determined by the common law."

[12] *See In re AroChem Corp.*, 176 F.3d 610, 629 (2nd Cir. 1999); *In re BH & P*, 949 F.2d 1300, 1310 (3rd Cir. 1991); *In re Huntco, Inc.*, 288 B.R. 229 (Bankr. E.D. Mo. 2002).

The second requirement for an attorney's employment under § 327(a), *i.e.*, that the attorney not hold *or represent* an interest adverse to the estate, does impute a client's conflict with an estate to the attorney. On this issue, the bankruptcy court's conclusion that Skalka's only conflict is with Blumenthal, not the estate, is clearly erroneous.

To "hold an interest adverse to the estate" means: "(1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) to possess a predisposition under circumstances that render such a bias against the estate."[13] To "*represent* an adverse interest" means to serve as agent or attorney for any individual or entity holding such an adverse interest. Based on this definition, the Petitioning Creditors hold an interest adverse to the estate and therefore Skalka holds an interest adverse to the estate.

The Petitioning Creditors' interests are adverse to the estate because they received transfers from the Debtor in 2007 that could potentially be avoided and recovered by the Trustee. In representing the Petitioning Creditors, Skalka also holds an adverse interest. The affidavits on record establish that the Petitioning Creditors were not the beneficiaries of any transfer within the year prior to the petition date, but that only eliminates liability under 11 U.S.C. § 547. Transfers occurring more than a year before the petition, however, could be subject to avoidance under other provisions of the Bankruptcy Code, such as § 544 (utilizing the Uniform Fraudulent Transfer Act) or § 548. Consequently, Skalka's employment would include

_____

[13] *In re Roberts*, 46 B.R. 815, 827 (Bankr. D. Utah 1985), *aff'd in relevant part and rev'd and remanded in part on other grounds*, 75 B.R. 402 (D. Utah 1987). *See also Pierce v. Aetna Life Ins. Co.* (*In re Pierce*), 809 F.2d 1356, 1362 (8th Cir. 1987) (citing *Roberts* with approval); *In re Tri-State Ethanol Company, LLC*, 2007 WL 1174182 (Bankr. S.D. 2007) (same).

investigating the potentially fraudulent transfers his clients received in 2007 – which would create a clear conflict of interest.

The bankruptcy court held, and the Trustee argues here, that Skalka's employment does not create such a conflict because Skalka was hired for a limited purpose – pursuing Blumenthal. This argument is without merit.

First, we question whether it is appropriate to narrow the inquiry of potential conflicts based on the allegedly limited scope of Skalka's employment. The only Bankruptcy Code section that explicitly permits a court to consider conflicts solely with regard to the matter for which the attorney is to be employed is 11 U.S.C. § 327(e),[14] which provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.[15]

By its plain terms § 327(e) applies only to attorneys who have previously represented a debtor. There is no evidence or suggestion in the record indicating that Skalka was previously employed by either of the Debtors. Consequently, Skalka's employment must meet the requirements of § 327(a), which does not limit the purview of conflicts to a specific matter.

---

[14] The Trustee did not cite 11 U.S.C. § 327(e) in his application to employ Skalka, and the bankruptcy court did not cite § 327(e) as a basis for its decision; however, both refer to Skalka as "special counsel," suggesting that Skalka was being employed under § 327(e), inasmuch as that is the only provision which deals with a trustee's employment of an attorney for a "specified special purpose."

[15] 11 U.S.C. § 327(e).

Second, even if it was appropriate to limit the scope of Skalka's representation of the Trustee, and thereby limit the scope of potential conflicts,[16] the Trustee did not properly do so. The application to employ Skalka filed with the bankruptcy court stated that Skalka's employment was limited to pursuing preference and avoidance actions. Under that limitation, Skalka's employment would still pose a conflict because it would include a consideration of whether to pursue an avoidance action against the Petitioning Creditors. At the very close of the hearing on Blumenthal's motion to remove Skalka, the Trustee attempted to further limit the scope of Skalka's employment by stating that Skalka was hired for the sole purpose of pursuing Blumenthal and that potential avoidance actions against the Petitioning Creditors would be handled by his general counsel, Erin Harris. Such an important limitation (assuming it was valid) should have been included in the Trustee's application filed with the bankruptcy court. The last minute, oral modification of the Trustee's application was insufficient to limit the scope of Skalka's employment so as to eliminate an impermissible conflict under § 327(e).

The final reason that Skalka cannot be employed under § 327(e) – or § 327(a) – is that Skalka's representation of the Trustee poses an actual conflict regardless of whether the scope of Skalka's employment is limited to pursuing Blumenthal.

As noted above, an individual's interest is considered adverse to an estate if that interest would tend to lessen the value of a bankruptcy estate or foster a predisposition

---

[16] A number of courts have applied § 327(e) by "analogy" to attorneys who have not previously represented debtors. *See, e.g.*, *In re AroChem Corp.,* 176 F.3d 610, 622 (2nd Cir. 1999) ("[W]here the trustee seeks to appoint counsel only as 'special counsel' for a specific matter, there need only be no conflict between the trustee and counsel's creditor client with respect to the specific matter itself.") (quoting *Stoumbos v. Kilimnik*, 988 F.2d 949, 964 (9th Cir. 1993)). We do not need to decide whether such an extension of § 327(e) is appropriate because Skalka represents an interest adverse to the estate with respect to the matter for which his employment has been proposed.

against the estate. In this case, the interests of the Petitioning Creditors have the potential of doing both. The record (albeit sparse) suggests that Blumenthal might possess state-law claims against three of the Petitioning Creditors for the recovery of potentially fraudulent transfers. If Blumenthal pursues those claims, and the Trustee pursues the Petitioning Creditors for recovery of the same transfers, it is not difficult to conceive of several situations in which Skalka's loyalties might be divided. If Blumenthal and the Petitioning Creditors seek to settle their dispute in a way that reduces the pool of assets available to the estate, then Skalka's interests would be adverse to the estate. The zeal with which Skalka pursues Blumenthal on behalf of the estate could be affected (negatively or positively) by litigation that might ensue between Blumenthal and the Petitioning Creditors. Or Skalka might unearth incriminating information in his defense of the Petitioning Creditors which would interfere with his unbiased representation of the estate.

Ultimately, it is unnecessary to fathom every possible conflict that might arise from Skalka's concurrent representation of the Petitioning Creditors and the estate. It is sufficient to preclude Skalka's employment by the estate under § 327(a) or (e) if the record supports the existence of a single potential conflict. And here it does.

## IV. CONCLUSION

For the reasons stated above, the bankruptcy court's order denying Creditor Michael Blumenthal's "Motion to Remove Professional David Skalka and Croker Huck Law Firm," and the related order granting the Trustee's supplemental application to employ David Skalka and Croker Huck as special counsel are hereby reversed. By virtue of their representation of the Petitioning Creditors, attorney David Skalka and the Croker Huck Law Firm, possess interests adverse to the estate precluding employment under 11 U.S.C. § 327(a) and (e).

————————————

12